## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF WEST VIRGINIA

-----------------------------------------------------------------------x

Victor Silver,

                Plaintiff,

  -against-

Transunion, LLC,
Equifax Information Services, LLC,
Experian Information Solutions, Inc,
N.A.R., Inc.
d/b/a North American Recovery,

                Defendant(s).

-----------------------------------------------------------------------x

C.A. No.: 3:25-cv-51 Groh

DEMAND FOR JURY TRIAL

ELECTRONICALLY FILED
4/01/2025
U.S. DISTRICT COURT
Northern District of WV

## **COMPLAINT**

Plaintiff Victor Silver ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Transunion, LLC ("Transunion"), Defendant Equifax Information Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc., ("Experian") and Defendant N.A.R., Inc. d/b/a North American Recovery, ("NAR") respectfully sets forth, complains, and alleges, upon information and belief, the following:

### **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of West Virginia, the County of Berkeley.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion is a Delaware corporation registered to do business in the State of West Virginia and may be served with process upon the Corporation Service Company, located at 209 Washington St W, Charleston, WV 25302-2348.

7. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of West Virginia and may be served with process upon the Corporation Service Company, located at 209 Washington St W, Charleston, WV 25302-2348.

10. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of West Virginia, and may be served with process upon the CT Corporation System, located at 5098 Washington Street W, Suite 407, Charleston, WV 25313.

13. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

14. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Defendant NAR is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 located at 1600 West 2200 South, Suite 410, West Valley City, Utah 84119.

**FACTUAL ALLEGATIONS**

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

17. On a date better known to non party Torro, Plaintiff incurred a debt to Torro Holdings, LLC ("Torro").

18. NAR is a collection agency attempting to collect a debt on behalf of original creditor Torro.

19. Debt collectors and collection attorneys Atkins and Ogle Law Offices ("Law Offices") contacted the Plaintiff and offered him a settlement offer to resolve this debt.

20. Plaintiff paid the terms of the settlement.

21. On or around October 30, 2024, Plaintiff received confirmation from the Law Offices that his debt to Torro has been settled in full.

22. Upon information and belief, the Bureaus were notified of this agreement of the paid settlement and therefore should be reporting a $0 balance on Plaintiff's credit report.

23. However, the Bureaus continue to report Plaintiff's NAR collection account as a collection account with an open balance.

NAR Dispute and Violation

24. On information and belief, on a date better known to Defendants Transunion, Equifax and Experian, ("Bureaus") the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to Plaintiff's NAR Account #2211********0341.

25. The inaccurate information furnished by Defendant NAR and published by the Bureaus is inaccurate since the account contains an incorrect account balance.

26. Plaintiff's account was settled in full and closed and should be reflected as such with a $0 balance.

27. Despite the fact that the Plaintiff no longer had an obligation to NAR, the Bureaus continued to report the Plaintiff's account with an open balance.

28. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

29. Plaintiff disputed the Account directly with the Bureaus in a letter dated December 11, 2024.

30. In the dispute, Plaintiff provided an explanation to substantiate why he does not have any outstanding balance, and included a copy of the letter which confirmed the account was settled in full.

31. On December 26, 2024, Plaintiff received a form response from Experian which stated "verified and updated" with no change to the negative reporting on the credit report.

32. On December 27, 2024, Plaintiff received a form response from Equifax which in part stated, "verified item belongs to you" "Account has been updated" with no change to the negative reporting on the credit report.

33. On January 3, 2025, Plaintiff received a form response from Transunion which stated "other information updated" with no change to the negative reporting on the credit report.

34. It is believed and therefore averred that the Bureaus notified Defendant NAR of Plaintiff's dispute.

35. Upon receipt of the dispute of the account from the Plaintiff by the Bureaus, NAR failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

36. Had NAR carried out a reasonable investigation of the Plaintiff's dispute, it would have been revealed to NAR that the current account balance was improperly listed.

37. In fact likely not coincidently the account balance listed is the very same amount that the Plaintiff paid for the account to be settled.

38. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, the Bureaus did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed account was inaccurate.

39. The Bureaus violated 15 U.S. Code § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

40. The Bureaus violated 15 U.S. Code § 1681i(a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

41. Had The Bureaus conducted a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the current account balance was improperly listed.

42. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as

evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

43. As a result of the Defendants' failure to comply with the FCRA, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to The Bureaus)

44. Plaintiff incorporates by reference paragraphs numbered 1 through 43 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

45. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

46. The Bureaus violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

47. The Bureaus violated 15 U.S. Code § 1681i(a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

48. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant the Bureaus had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete; and

    h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

49. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

50. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

51. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Victor Silver, an individual, demands judgment in his favor against Defendant, the Bureaus, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to The Bureaus)

52. Plaintiff incorporates by reference paragraphs numbered 1 through 43 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

53. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

54. The Bureaus violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

55. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

56. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant the Bureaus had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate.

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

    h) The failure to take adequate steps to verify information Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

57. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

58. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

59. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Victor Silver, an individual, demands judgment in his favor against Defendant, the Bureaus, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
**(Willful Violation of the FCRA as to NAR)**

60. Plaintiff incorporates by reference paragraphs numbered 1 through 43 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

61. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

62. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

63. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

64. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

65. The Defendant NAR violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information

regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

66. Specifically, the Defendant NAR continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the inaccurate account balance.

67. As a result of the conduct, action and inaction of the Defendant NAR, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

68. The conduct, action and inaction of Defendant NAR was willful, rendering Defendant NAR liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

69. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant NAR in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Victor Silver, an individual, demands judgment in his favor against Defendant NAR for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
**(Negligent Violation of the FCRA as to NAR)**

70. Plaintiff incorporates by reference paragraphs 1 through 43 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

71. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

72. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

73. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

74. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

75. Defendant NAR is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

76. After receiving the dispute notice from the Bureaus, Defendant NAR negligently failed to conduct its reinvestigation in good faith.

77. A reasonable investigation would require a furnisher such as Defendant NAR to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

78. The conduct, action and inaction of Defendant NAR was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

79. As a result of the conduct, action and inaction of the Defendant NAR, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a

chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

80. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant NAR in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Victor Silver, an individual, demands judgment in his favor against Defendant NAR, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

81. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

    g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: April 1, 2025

                                                      Respectfully Submitted,

                                                      /s/ Matthew P. Crimmel  
                                                      Matthew P. Crimmel, Esq.  
                                                      ATTORNEY AT LAW PLLC  
                                                      1042 Greystone Circle  
                                                      Morgantown, WV 26508  
                                                      T: (800) 982-8660  
                                                      E: matt@mpcrimmellaw.com  
                                                      Attorney for Plaintiff